991 F.2d 805
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 GOLDEN RULE INSURANCE COMPANY, Plaintiff-Counter-Defendant-Appellee,
v.
Lisa A. GREENFIELD, Defendant Counterclaimant, Third-Party
Plaintiff-Appellant.
 No. 92-1184.
 United States Court of Appeals, Tenth Circuit.
 April 19, 1993.
 
 Before SEYMOUR and ANDERSON, Circuit Judges, and RUSSELL,* District Judge.
 ORDER AND JUDGMENT**
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Lisa A. Greenfield appeals the district court's order granting plaintiff Golden Rule Insurance Company summary judgment on its claim seeking to rescind a health insurance policy it issued defendant based upon misstatements that she made in her application. We review a summary judgment decision de novo, Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990), viewing the record in the light most favorable to the nonmoving party, Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991). Summary judgment is appropriate only if there is no genuinely disputed issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The parties agree that Colorado law controls.
 
 
 3
 In order to be entitled to rescind an insurance policy based upon misrepresentations in the application, the insurer must establish that 1) the applicant made a false statement of fact or concealed a fact in her application; 2) the applicant knowingly made the false statement or knowingly concealed the fact; 3) the false statement or concealed fact materially affected either the insurer's acceptance of risk or the hazard assumed by the insurer; 4) the insurer was ignorant of the false statement or concealment of fact and is not chargeable with knowledge of the fact; and 5) the insurer relied, to its detriment, on the false statement or concealment of fact in issuing the policy. Hollinger v. Mutual Benefit Life Ins. Co., 560 P.2d 824, 827 (Colo.1977). Defendant asserts that the district court erred in determining that there were no genuinely disputed questions concerning these elements.
 
 
 4
 Upon careful consideration of the parties' arguments and the record on appeal, we affirm the district court's decision. There were no genuinely disputed material issues of fact and plaintiff was entitled to judgment as a matter of law.
 
 
 5
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 *
 Honorable David L. Russell, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3